UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case Nos.  3:15-mj-309 |
| vs. | : | 3:15-cr-150 |
| | : | |
| SYDNEE M. TODD, | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Michael J. Newman |
| Defendant. | : | |

_____

# REPORT AND RECOMMENDATION[1] THAT DEFENDANT BE FOUND COMPETENT TO STAND TRIAL
_____

This is a felony criminal case assigned to Judge Rice.  Prior to the filing of the Information by the government on October 30, 2015 (doc. 20), the undersigned -- based upon representations made by counsel for both parties -- referred Defendant for a psychiatric exam by Massimo DeMarchis, Psy.D. to determine her competency to stand trial (doc. 16).  *See* 18 U.S.C. §§ 4241(b) and 4247(b).  On November 21, 2015, Dr. DeMarchis examined Defendant and, on November 24, 2015, issued a report to the Court concluding -- within a reasonable degree of psychological certainty -- that Defendant is currently competent to stand trial on the counts set forth in the Information.

Following issuance of Dr. DeMarchis's report, the Court held a hearing by telephone on December 21, 2015.  Attorney Brent Tabacchi appeared on behalf of the government.  Attorney Jon Paul Rion appeared on behalf of Defendant.  Defendant, through counsel and absent objection by the government, waived her appearance at the hearing.  The parties stipulated to the admissibility of Dr. DeMarchis's report and to his findings and conclusions set forth therein.  Based upon the stipulated findings and the conclusions of Dr. DeMarchis, and absent any evidence to the contrary, the Court finds by a preponderance of the evidence that Defendant is not presently suffering

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her and to assist properly in her defense.  *See* 18 U.S.C. §§ 4241(a) and (d).

Accordingly, the undersigned **RECOMMENDS** that Defendant be found competent to stand trial pursuant to 18 U.S.C. § 4241.

Date:   December 22, 2015              *s/ Michael J. Newman*
                                       Michael J. Newman
                                       United States Magistrate Judge


cc:     Dr. Massimo DeMarchis

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).